**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SARA KOZAK, formerly known as SARA LEMKE and SARA AZZALINE, | ) | |
| Plaintiff, | ) | 17-cv-318 |
| vs. | ) | Judge Sara L. Ellis |
| PIONEER CREDIT RECOVERY, INC., | ) | Magistrate Judge Mary M. Rowland |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Sara Kozak brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Pioneer Credit Recovery, Inc. ("PCR"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

**VENUE AND JURISDICTION**

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications were received by plaintiff within this District;

b. Defendant does or transacts business within this District.

**PARTIES**

9. Plaintiff is an adult individual who resides in the Northern District of Illinois.

10. Defendant PCR is a Delaware corporation which does business in Illinois. Its principal offices are located at 256 Edward St., Arcade, NY 14009. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

11. PCR is engaged in the business of a collection agency, using the mails and telephone to collect allegedly delinquent consumer debts originally owed to others.

12. PCR holds a collection agency license from the state of Illinois.

13. PCR is a debt collector as defined in the FDCPA.

**FACTS**

14. Defendant has been attempting to collect from plaintiff an alleged student loan debt. Any such debt is incurred for personal purposes.

15. In early December 2016, a representative of PCR using the name "Barbara" called plaintiff's mother for the purpose of collecting the debt. She informed plaintiff's mother that the call was from PCR and provided the "reference number" of the loan. Plaintiff's mother

informed plaintiff of the call on December 8, 2016.

16. On or about December 19, 2016, a representative of PCR using the name "Jennifer Mack Williams" left a message with plaintiff's brother that plaintiff should return a call regarding a "personal business matter" to 877-215-2920, a number that is used by PCR. The message included the reference number of the loan.

17. On information and belief, defendant placed other calls to plaintiff's family members.

18. Defendant is well aware of plaintiff's address and telephone number, having contacted her repeatedly directly.

19. Plaintiff was embarrassed and aggravated by these communications.

20. Plaintiff spent time and money dealing with defendant's communications to third parties.

21. On or about December 30, 2016, Defendant sent Plaintiff the collection letter attached as Exhibit A, attempting to collect from plaintiff the alleged student loan debt.

22. On information and belief, Exhibit A is a standard form letter used by Defendant.

**COUNT I - FDCPA - CLASS CLAIM**

23. Plaintiff incorporates paragraphs 1-22.

24. Exhibit A is titled "ADMINISTRATIVE WAGE GARNISHMENT PROCEEDINGS NOTICE."

25. Exhibit A also states: "This may be your last opportunity to make satisfactory payment arrangements on your student loan(s). If these arrangements are not made, we will begin or continue the process of verifying your employment for Administrative Wage Garnishment."

26. Exhibit A quotes parts of 20 U.S.C. § 1095a and states that the statute "allows guarantors, such as [Defendant's client] to offset the wages of student loan defaulters without filing a lawsuit."

27. 20 U.S.C. § 1095a does, in fact, create an administrative process through the Department of Education by which wage garnishments may be obtained for repayment of certain student loans without the borrower having to file a lawsuit.

28. However, 20 U.S.C. § 1095a and the regulations implementing it at 34 C.F.R. § 34.1 *et seq.* include several procedural protections, including requiring a debt collector to send a written notice of proposed garnishment at least 30 days before initiating any wage garnishment proceedings on delinquent student loan debt and the opportunity for a hearing in certain circumstances.

29. The required notice must include an explanation of the debtor's rights, which include the opportunity—

> (a) To inspect and copy our records related to the debt;
> (b) To enter into a written repayment agreement with us to repay the debt under terms we consider acceptable;
> (c) For a hearing in accordance with §34.8 concerning—
>> (1) The existence, amount, or current enforceability of the debt;
>> (2) The rate at which the garnishment order will require your employer to withhold pay; and
>> (3) Whether you have been continuously employed less than 12 months after you were involuntarily separated from employment.

34 C.F.R. § 34.6.

30. <u>Exhibit A</u> does not include an explanation of debtor's rights required by 34 C.F.R. § 34.6.

31. <u>Exhibit A</u> falsely implies that its purpose is to act as notice that the Administrative Wage Garnishment proceedings are being or have been initiated.

32. <u>Exhibit A</u> falsely represents that Defendant has authority to obtain an Administrative Wage Garnishment without going through the procedures established by and following the requirements of 20 U.S.C. § 1095a and 34 C.F.R. § 34.1 *et seq*.

33. <u>Exhibit A</u> falsely represents that the only way for Plaintiff to avoid a wage garnishment is to make a payment arrangement with Defendant.

34. <u>Exhibit A</u> falsely implies that a garnishment is imminent.

35. Exhibit A falsely implies that it is legal process.

36. Defendant thereby engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, §1692e(4), §1692e(5), §1692e(10) and §1692e(13).

37. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> > **(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
> >
> > **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
> >
> > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
> >
> > **(13) The false representation or implication that documents are legal process.**

## CLASS ALLEGATIONS

Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38. The class consists of (a) all individuals in Illinois, Indiana, and Wisconsin (b) who were sent a letter in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this amended complaint and on or before a date 21 days after its filing.

39. On information and belief, the class is so numerous that joinder of all members is not practicable.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The

principal issue is whether Exhibit A violates the FDCPA.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for :

i. Statutory damages;

ii. Actual damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other or further relief as the Court deems proper.

**COUNT II – FDCPA – INDIVIDUAL CLAIM**

44. Plaintiff incorporates paragraphs 1-22.

45. Defendant violated 15 U.S.C. §1692c by communicating with third parties about the debt.

46. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any**

**person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

**(d) Definitions--For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

47. Section 1692b, referred to in §1692c, provides:

**§ 1692b. Acquisition of location information [Section 804 of P.L.]**

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**

**(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

**(2) not state that such consumer owes any debt;**

**(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

**(4) not communicate by post card;**

**(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.**

48. The term "location information" is defined in 15 U.S.C. §1692a(7) and "means a consumer's place of abode and his telephone number at such place, or his place of employment."

49. Defendant had that information regarding plaintiff.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a. Statutory and actual damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other and further relief as the Court deems proper.

**COUNT II – ILLINOIS COLLECTION AGENCY ACT**

50. Plaintiff incorporates paragraphs 1-22.

51. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

52. Defendant violated the following provisions of 225 ILCS 425/9(a):

> **. . . (21) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

53. Defendant violated the following provisions of 225 ILCS 425/9.2:

> **. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

54. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

a. Compensatory and punitive damages;

b. Costs;

c. Such other and further relief as is appropriate.

**COUNT III – CONSUMER FRAUD ACT**

55. Plaintiff incorporates paragraphs 1-22.

56. Defendant engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by communicating with plaintiff's relatives in

a manner prohibited by Illinois and federal law, and calculated to embarrass and aggravate plaintiff. The type of conduct described above is commonly known in the collection industry as a "block party."

57. Defendant engaged in such conduct in the course of trade and commerce.

58. Defendant engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, paintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a. Actual damages;

b. Punitive damages;

c. An injunction against further violation;

d. Attorney's fees, litigation expenses and costs of suit;

e. Such other or further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Sara Kozak

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on February 3, 2017, I caused to be filed the foregoing documents with the Clerk of the Court using the CM/ECF System. I further certify that on this date, or as soon thereafter as service may be effectuated, I will cause to be served a true and accurate copy of the foregoing documents via U.S. Mail:

Pioneer Credit Recovery Inc.
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

/s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman